IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| FEDERICK BANKS,<br><br>Petitioner,<br><br>vs.<br><br>KELLY FORBES, et al,<br><br>Respondents. | Cause No. CV 17-59-H-DLC-JTJ<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATION OF UNITED<br>STATES MAGISTRATE JUDGE |

The case comes before the Court on Petitioner Frederick Banks "Petition for a Writ of Mandamus and for Immediate Discharge and Habeas Corpus 28 U.S.C. § 2241." (Doc. 1.) Banks was apparently placed at the Butner Federal Medical Facility on December 6, 2016. He advises the Court that he has an active case pending before the Fourth Circuit. *Id*.[1] Banks contends that the day before his oral argument was scheduled, he was transferred out of the Fourth Circuit and into the United States Prison in Atlanta, Georgia, which falls under the jurisdiction of the Eleventh Circuit. *Id*. Banks asserts this maneuver was made in an effort to prevent

---

[1] The Court was able to verify that the case of *Frederick Banks v. Mark Hornak*, No. 16-6981, was argued before the Fourth Circuit on May 9, 2017, in Richmond, Virginia. See, http://www.ca4.uscourts.gov/oral-argument/oral-argument-calendar (accessed May 31, 2017). The issue argued was: whether Banks' status as a PLRA three-striker precludes him from proceeding in forma pauperis on appeal.

1

the Fourth Circuit from ordering his release. *Id.*

Banks has also moved this Court to proceed in forma pauperis. Although Banks has not provided the requisite documents to support his motion, there is no need to delay this action further. Mr. Banks' request to proceed in forma pauperis will be granted.

"District Courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). A federal court issuing a writ of habeas corpus must have personal jurisdiction over the custodian. See, *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973). Without such jurisdiction, the court has no authority to direct the actions of the restraining authority. *Malone v. Calderon*, 165 F. 3d 1234, 1237 (9th Cir. 1999) (holding that a California district court did not have jurisdiction over a habeas action related to a prisoner confined in Missouri). The court has personal jurisdiction over the custodian if the court can reach the custodian by service of process. *Braden*, 410 U.S. at 495. Thus, where a petitioner names a respondent who is outside the district court's territorial limits, the court lacks personal jurisdiction to consider the petition. *See Malone*, 165 F. 3d at 1237.

Here, Banks has named Kelly Forbes, presumably the Warden at the Federal Medical Facility in Butner, North Carolina, as the respondent. Forbes is outside of this District's territorial limits and the Court lacks personal jurisdiction over

Forbes.  *Padilla*, 542 U.S. at 443.  Accordingly, the Court lacks jurisdiction to consider Banks' petition.

If a petitioner files a habeas petition in a district court that lacks jurisdiction, that court may transfer the petition to a court with jurisdiction "if it is in the interest of justice."  28 U.S.C. §1631; *Miller v. Habrick*, 905 F. 2d 259, 262 (9th Cir. 1990).  Normally, a transfer is in the interest of justice because dismissing an action that could be brought elsewhere is "time consuming and justice defeating."  *Id*.  Yet, Banks does not present the normal case.

It appears that Banks has filed this same petition in several other jurisdictions.[2]  Moreover, Banks has previously been designated a vexatious litigant.  *See Frederick Banks v. Pope Francis*, CV 15-1385, 2015 WL 8207532, at *3 (W.D. Pa. Dec. 8, 2015), *appeal dismissed* (Jan. 26, 2016) (collecting cases in which Banks has been repeatedly warned that the filing of meritless, duplicative, and frivolous motions and lawsuits will not be tolerated).  Thus, transfer in the present case is not in the interest of justice.

A certificate of appealability should be denied because reasonable jurists could not find grounds to doubt the jurisdictional ruling.  *See, Lambright v.*

---

[2] See: *Banks v. Forbes, et. al*, Case No. 5:2017hc02102 (filed May 22, 2017, in the North Carolina Eastern District Court, District Court Judge Terrence W. Boyle presiding); *Banks v. Forbes, et al*., Case No. 3:17-cv-0086 (filed May 22, 2017, in the District Court of Oregon, Magistrate Judge John Jelderks presiding), and, *Banks v. Forbes, et al*. Case No. 3:2017cv00847 (filed May 22, 2017 in the District Court of Connecticut, District Court Judge Vanessa L. Bryant presiding).

*Stewart*, 220 F. 3d 1022, 1026 (9th Cir. 2000).

Based on the foregoing, the Court enters the following:

## ORDER

Mr. Banks' Motion for Leave to Proceed in Forma Pauperis is GRANTED.

## RECOMMENDATION

1. Mr. Banks' Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Banks may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Banks must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in

---

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

dismissal of this action without notice to him.

DATED this 1st day of June 2017.

       /s/ John Johnston
John Johnston
United States Magistrate Judge