# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| FREDERICK BANKS, | |
| Petitioner, | CV-17-61-H-BMM |
| vs. | |
| KELLY FORBES, et al., | **ORDER** |
| Respondents. | |

Petitioner Frederick Banks (Banks) has filed a "Petition for a Writ of Mandamus and for Immediate Discharge and Habeas Corpus." (Doc. 1). Banks is a federal prisoner proceeding *pro se*. Banks alleges that he is entitled to a writ of habeas corpus because he was transferred from the Federal Medical Facility in Butner, North Carolina, to the United States Penitentiary in Atlanta, Georgia, on May 8, 2017, while he had a habeas petition pending before the Fourth Circuit Court of Appeals. (Doc. 1).[1] Banks alleges that he was transferred to the

---

[1] The Court was able to verify that the case of *Frederick Banks v. Mark Hornak*, No. 16-6981, was argued before the Fourth Circuit on May 9, 2017, in Richmond, Virginia. *See* http://www.ca4.uscourts.gov/oral-argument/oral-argument-calendar.

penitentiary in Atlanta "because the government feared he would be released" by the Fourth Circuit. *Id*.

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on June 1, 2017. (Doc. 2). Judge Johnston recommended that Banks's petition be dismissed for lack of jurisdiction. Judge Johnston determined that this Court lacked jurisdiction given that Respondent Kelly Forbes (Forbes) resides outside this District's territorial limits. (Doc. 2 at 2-3). Forbes is the Warden at the Federal Medical Facility in Butner, North Carolina. Banks filed objections to Judge Johnston's Findings and Recommendations on July 25, 2017. (Doc. 4).

The Court reviews *de novo* findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1). The Court has reviewed Judge Johnston's Findings and Recommendations *de novo*. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

District Courts may grant habeas relief only within their respective jurisdictions. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). The Court lacks personal jurisdiction to consider a petition that names a respondent that resides outside the Court's territorial limits. *See Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) (holding that a California district court lacked jurisdiction over a

habeas action related to a prisoner confined in Missouri). Forbes resides outside this Court's territorial limits. This Court therefore lacks jurisdiction to consider Banks's petition.

When a petitioner files a habeas petition in a district court that lacks jurisdiction, that court may transfer the petition to a court with jurisdiction "if it is in the interest of justice." 28 U.S.C. § 1631; *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). Banks has filed the same petition in several other jurisdictions.[2] Banks has been previously designated a vexatious litigant. *See Frederick Banks v. Pope Francis*, 2015 WL 8207532 at *3-4 (W.D. Pa. Dec. 8, 2015) (collecting cases where Banks has been repeatedly warned that the filing of meritless, duplicative, and frivolous motions and lawsuits will not be tolerated). The transfer of Banks's petition in this case would not promote the interests of justice.

Accordingly, IT IS ORDERED:

1. Banks's petition (Doc. 1) is DISMISSED for lack of jurisdiction.

2. A certificate of appealability is denied because this Court lacks jurisdiction.

3. The Clerk is directed to enter judgment accordingly.

---

[2] *See Banks v. Forbes, et al.*, No. 5:2017 hc 02102 (filed May 22, 2017, in the Eastern District of North Carolina); *Banks v. Forbes, et al.*, No. 3:17-CV-0086 (filed May 22, 2017, in the District of Oregon); and *Banks v. Forbes, et al.*, No. 3:2017 CV-00847 (filed May 22, 2017 in the District of Connecticut).

DATED this 13th day of September, 2017.

_____
Brian Morris
United States District Court Judge